# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| **BRIDGET E. POOLE-HENRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11-2695-STA** |
| | ) | |
| **JOHNSON & JOHNSON HEALTH** | ) | |
| **CARE SYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Johnson & Johnson Health Care Systems, Inc.'s Motion to Dismiss (D.E. # 6) filed on September 22, 2011. Plaintiff Bridget E. Poole-Henry's response brief was due on or before October 23, 2011. On October 28, 2011, the Court ordered Plaintiff to respond within seven days. To date Plaintiff has not filed a response brief. For the reasons set forth below, Defendant's Motion is **GRANTED**.

### BACKGROUND

Plaintiff filed her Complaint in this matter on August 12, 2011. Plaintiff alleges that she has been an employee of Defendant since March 7, 2008. (Compl. ¶ 3.) Around August 14, 2010, Plaintiff's manager who is not identified in the pleadings emailed Plaintiff a photograph of a male's genitals. (*Id.*) Although the allegations about the identity of the male whose anatomy was depicted in the photograph are somewhat ambiguous, it appears that the man was at that time Plaintiff's boyfriend but had also allegedly been involved in a relationship with the manager who sent the

1

photo. (*Id.*) The Complaint states that "the Defendant had a member of its management team send a clear photograph by wireless transmission to the Plaintiff's E-mail of her boyfriend, a co-worker, which displayed his penis in a prominent and shocking manner" and elsewhere that the "management team member [] boasted of her extramarital exploits with the co-worker who had his penis prominently displayed." (*Id.*) According to the Complaint, when Plaintiff complained about the email to other managers, she was subjected to retaliation and intimidation. (*Id.*) As a result Plaintiff filed a charge of discrimination with the EEOC on April 18, 2011. Plaintiff's Complaint alleges claims for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act (*Id.* ¶ 5) as well as state law claims for negligent and intentional infliction of emotional distress ("the tort claims"). (*Id.* ¶ 9.)

In its Motion to Dismiss, Defendant seeks dismissal only of Plaintiff's tort claims. First, Defendant argues that the claims are barred by the exclusivity provisions of the Tennessee Workers Compensation Act. Defendant contends that Plaintiff's alleged injuries are apparently the result of a workplace injury, the transmission of the offending photo that caused Plaintiff to suffer emotional distress. Under the circumstances, Plaintiff's only remedy for such injuries is the workers compensation law. Plaintiff cannot recover for the intentional, tortious acts of one employee committed against another employee. Plaintiff has not alleged facts to support any claim that Defendant itself actually intended to injure her. Second and alternatively, Defendant contends that Plaintiff has failed to state a plausible claim for negligent or intentional infliction of emotional distress. With respect to the intentional tort, Plaintiff has not alleged that Defendant had the intent to cause her injury. As for the negligent tort, Plaintiff has not plausibly alleged a severe or serious mental injury. For these reasons, the Court should dismiss Plaintiff's state law tort claims.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[5] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[6]

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[6] *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

**ANALYSIS**

The Court holds that Plaintiff's tort claims are subject to dismissal. As an initial matter, there are insufficient facts alleged in the pleadings to show that the offensive conduct actually occurred in the workplace. The injury alleged in this case, the emotional distress caused by the inappropriate email, arose from conduct among co-workers, Plaintiff and her manager. It is not at all clear, however, that the conduct was centered in the workplace. For example, it is not clear from the allegations whether the email was sent by way of an internal, company email system, or even whether the email was sent during work hours. Plaintiff has only alleged that her manager sent the email "by wireless transmission"(Compl. ¶ 3), giving rise to the reasonable inference that Plaintiff's manager sent the photo on a smartphone or other such device. It is true that the Complaint does allege that the aftermath of the episode created "a terrifying situation at work." This conclusion is otherwise not supported with further factual enhancement in the Complaint. In short, the Complaint simply does not specify whether the conduct occurred in the workplace or outside of the workplace.

Assuming that the relevant conduct did take place at work, it is not clear that the exclusive remedy for Plaintiff's tort claims lies in state workers compensation law. The Tennessee Workers Compensation Act ("TWCA") exclusivity provision states: "The rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident . . . shall exclude all other rights and remedies of the employee . . . at common law or otherwise, on account of the

---

[7] *Iqbal,* 129 S.Ct. at 1949.

injury or death."[8]  The Tennessee Supreme Court has held that this section "provides the exclusive

remedy for an employee who is injured during the course and scope of his employment."[9]  In order

for the TWCA to apply to such claims, courts have developed a two-pronged test: (1) the injury must

arise out of the plaintiff's employment; and (2) the injury must have occurred during the course of

plaintiff's employment.[10]  Courts have broadly construed the definition "beyond the limited

language" in the statute "in keeping with the liberal construction accorded the Worker's

Compensation statute."[11] An "injury by accident" means that the injury "is not reasonably to be

anticipated" or is "unexpected."[12]

Applying these principles to the facts pled here, there is simply not enough factual content

in the Complaint to hold as a matter of law that Plaintiff's alleged injury arose out of her

employment.  Assuming that the time and place of the injury are centered in the workplace and

around work activities, Plaintiff's allegations plausibly show that the injury happened in the course

of her employment.  However, there are no facts alleged to show that the injury caused by the photo

"arose out of" Plaintiff's employment, as Tennessee law defines the expression.  Put another way,

the Complaint contains no facts to show that Plaintiff's emotional injury "emanate[d] from a peculiar

---

[8] Tenn. Code Ann. § 50-6-108(a).

[9] *Valencia v.Freeland & Lemm Const. Co.*, 108 S.W.3d 239, 242 (Tenn. 2003).

[10] *See Hill v. Eagle Bend Mfg., Inc.*, 942 S.W.2d 483, 487 (Tenn. 1997); see also Tenn. Code Ann. § 50-6-102.

[11] *Harman v. Moore's Quality Snack Foods, Inc.*, 815 S.W.2d 519, 527 (Tenn. Ct. App. 1991).

[12] *Continental Ins. Co. v. Dowdy*, 560 S.W. 2d 619, 621 (Tenn. 1978).

danger or risk inherent to the nature of [her] employment."[13]  On the contrary, Plaintiff's emotional

injury from seeing an inappropriate photo of her boyfriend was "purely coincidental, or

contemporaneous, or collateral, with the employment."[14]  Thus, there are no facts in the Complaint

to show that Plaintiff's injury would meet the TWCA's definition of an "injury."  Therefore, even

if the alleged conduct occurred in the workplace, the Court is not persuaded that the TWCA provides

the exclusive remedy for Plaintiff's tort claims.

Nevertheless, the Court need not resolve the issue.  Whether the conduct occurred in the

workplace or not, the Court holds that Plaintiff has failed to state plausible tort claims against

Defendant.  Plaintiff has not alleged any set of facts to show that Defendant is liable for the

offending manager's conduct in sending the offensive email.  Plaintiff has only claimed that

Defendant did not take corrective action when Plaintiff complained about the manager's actions.

With respect to the intentional tort claim, it is well-settled under Tennessee law that an employer

cannot be held liable for the intentional tort of an employee against another employee.[15]  There is no

allegation or other facts pled to suggest that Defendant took any act with the intent to injure Plaintiff.

Thus, her intentional tort claim must be dismissed.  With respect to the negligent tort claim, Plaintiff

has failed to allege that Defendant breached any duty to her.  As Defendant correctly points out, in

order to assert this claim, Plaintiff must allege facts making it plausible that (1) Defendant owed a

duty of care to Plaintiff; (2) Defendant breached that duty by allowing or authorizing an employee

to send Plaintiff the picture; (3) Plaintiff suffered a "serious or severe" emotional injury; (4)

---

[13] *Dixon v. Travelers Indem. Co.*, 336 S.W.3d 532, 537 (Tenn. 2011) (citation omitted).

[14] *Id.*

[15] *Blair v. Allied Maintenance Corp.*, 756 S.W. 2d 267, 270 (Tenn. 1988).

Plaintiff's injury was caused by Defendant's conduct; and (5) Defendant's conduct was the proximate cause of Plaintiff's injury.[16] "A 'serious' or 'severe' emotional injury is one that occurs where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.[17] Whether or not the email was sent during work hours or via business email, Plaintiff has failed to allege any plausible facts that would show that Defendant allowed or authorized its employee to send the inappropriate email. Accordingly, Plaintiff has not shown that Defendant should be held liable for this conduct under a negligent tort theory. Therefore, Plaintiff has failed to allege plausible facts in support of her tort claims.

**CONCLUSION**

Plaintiff has failed to allege facts to show that her emotional distress resulted from workplace conduct. Whether the Court assumes that the conduct took place at work or outside of working hours, Plaintiff has failed to state a claim that would make Defendant liable for the actions of another employee. Therefore, Plaintiff's claims for negligent and intentional infliction of emotional distress must be dismissed, and Defendant's Motion is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 12th, 2011.

---

[16] *Marla H v. Knox County*, No. E2010-01705-COA-R3-CV, 2011 WL 2569649, * 8 (Tenn. Ct. App. June 29, 2011).

[17] *Id.*